```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF ALABAMA
                    NORTHERN DIVISION

JESSICA ROSA,                    )
                                 )
    Plaintiff,                   )
                                 )   CIVIL ACTION NUMBER:
v.                               )     2:24-CV-13-MHT-CWB
                                 )           (WO)
AUBURN UNIVERSITY-MONTGOMERY     )
and AUBURN UNIVERSITY,           )
                                 )
    Defendants.                  )
```

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on **June 26, 2025,** wherein the following proceedings were held and actions taken:

**1.   PARTIES AND TRIAL COUNSEL:**

|  | Parties: | Trial Counsel: |
|---|---|---|
| Plaintiff: | **Jessica Rosa ("Rosa")** | **Patricia A. Gill**<br>**Leslie Ann Palmer**<br>**Lacey Amilia Wilson** |
| Defendants: | **Auburn University at Montgomery ("AUM")** | **Douglas B. Kauffman**<br>**M. Ames Filippini**<br>**Tashwanda Pinchback Dixon** |
|  | **Auburn University ("Auburn")** | **Douglas B. Kauffman**<br>**M. Ames Filippini**<br>**Tashwanda Pinchback Dixon** |

24954311.1

**COUNSEL APPEARING AT PRETRIAL HEARING**:

|  | Parties: | Trial Counsel: |
|---|---|---|
| Plaintiff: | **Rosa** | Patricia A. Gill<br>Leslie Ann Palmer<br>Lacey Amilia Wilson |
| Defendants: | **AUM** | Douglas B. Kauffman<br>Tashwanda Pinchback Dixon |
|  | **Auburn** | Douglas B. Kauffman<br>Tashwanda Pinchback Dixon |

2. **JURISDICTION AND VENUE**:

   (a) The court has subject matter jurisdiction of this action under the following statutes, rules or cases: 28 U.S.C. § 1331.

   (b) All jurisdictional and procedural requirements prerequisite to maintaining this action *have* been met.

   (c) Personal jurisdiction and/or venue *are not* contested.

3. **PLEADINGS**: The following pleadings and amendments have been allowed:

   - Rosa's Complaint (Doc. 1)
   - AUM and Auburn's Answer to Complaint (Doc. 8)

4. **CONTENTION OF THE PARTIES**:

   (a) For Rosa: Rosa alleges AUM and Auburn discriminated against her because of her sex (sexual orientation) by failing to provide her a management plan for her consensual relationship with another employee. Rosa further alleges AUM and Auburn retaliated

2

against her when she requested the same treatment as heterosexual couples and familial relationships unrelated to sexual orientation by terminating her. Rosa asserts she did not violate any policy and instead voluntarily disclosed her relationship and requested a management plan as allowed under the policy.

Rosa asserts AUM treated heterosexual and family relationships better by providing management plans or ignoring conflicts. Rosa asserts AUM and Auburn misconstrue the timeline of her consensual relationship and created a conflict where one did not exist in an attempt to find cause to terminate her.

Rosa alleges she is entitled to damages, including back pay for lost wages and benefits, damages for emotional distress, and injunctive relief such as reinstatement or front pay.

**(b)   For AUM and Auburn:**

AUM and Auburn contend that they cannot be liable to Rosa for sex discrimination or retaliation because they did not discriminate or retaliate against Rosa based on her sex. Rather, AUM terminated Rosa's employment because she violated Auburn's consensual relationships and conflict of interest policies by engaging in a romantic relationship with a subordinate employee and waiting several months to divulge the relationship—a conflict which AUM ultimately decided was unmanageable, called into question Rosa's judgment, eroded his trust in Rosa, and risked the

3

trust of campus and the public. It was for legitimate, nondiscriminatory reasons that AUM terminated Rosa's employment at AUM. Nor is there any evidence that AUM's decision to terminate Rosa's employment was in retaliation to her having engaged in a protected activity. For these reasons, AUM and Auburn contest Rosa's sex discrimination and retaliation claims.

AUM and Auburn also contest the damages claimed by Rosa, including but not limited to her claims for lost wages, lost benefits, punitive damages, compensatory damages, injunctive relief, and declaratory relief.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES**:

(a) AUM is a part of Auburn.

(b) On October 11, 2006, Rosa was hired to serve as an Administrative Assistant in AUM's athletics department.

(c) On July 1, 2016, Dr. Charles Stockton became the Chancellor of AUM.

(d) In January of 2022, Defendants hired Julianne Herrity as Head Coach of Women's Soccer for AUM.

(e) By fall of 2021, Childers' responsibilities included oversight to men's and women's soccer.

(f) On March 7, 2022, Rosa disclosed to Dr. Stockton that she and Julianne Herrity had entered into a romantic relationship.

      (g) On March 23, 2022, Dr. Stockton terminated Ms. Rosa's employment at AUM.

***

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last four to five days, are set for September 8, 2025, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs ((a) summarizing the evidence to be presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how the

evidence does or does not satisfy those elements, and (c) addressing any evidentiary issues that may arise at trial) are required to be filed by September 2, 2025;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. 12, as modified); and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 11th day of July, 2025.

                                          /s/ Myron H. Thompson
                                   **UNITED STATES DISTRICT JUDGE**